UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMARR RAINEY,

          Plaintiff,

 -against-              9:23-CV-27 (LEK/TWD)

DEPUTY LUTHER, *et al.*,
          Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.**  **INTRODUCTION**

  Pro se Plaintiff Jamarr Rainey commenced this civil rights action pursuant to 42 U.S.C. § 1983. See Dkt. No. 1 ("Complaint"). The Complaint contained allegations of wrongdoing that occurred while Plaintiff was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Mid-State Correctional Facility ("Mid-State C.F.").

  In a Memorandum-Decision and Order filed on April 5, 2023, the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. See Dkt. No. 9 ("April Order"). The Court found that Plaintiff's Eighth Amendment claims against Defendants Deputy Luther ("Luther"), Correctional Officer Pope ("Pope"), Correctional Officer Ross ("Ross"), Correctional Officer Crego ("Crego"), Correctional Officer Bower ("Bower"), Correctional Officer Jane Doe #1 ("Jane Doe #1"), Correctional Officer John Doe #1 ("John Doe #1"), Correctional Officer John Doe #2 ("John Doe #2"), Correctional Officer John Doe #3 ("John Doe #2), and Correctional Officer Jane Doe # 2 ("Jane Doe #2) survived review and required a response. Id.  The remaining claims were dismissed without prejudice. See id.

  In order to assist Plaintiff in identifying the Doe defendants, the Court directed the Attorney General to attempt to ascertain the full names of Doe defendants as well as the

addresses where these individuals could be served with process. See id. at 15. The Attorney General submitted a response to the Court's Order and identified the Doe defendants. Dkt. No. 12. In an Order dated May 30, 2023, the Court directed Plaintiff to submit an amended complaint naming the Doe defendants. See Dkt. No. 13.

Now before the Court for review is Plaintiff's amended complaint. Dkt. No. 16. ("Amended Complaint").

## II.    BACKGROUND

In the Amended Complaint, Plaintiff identifies the following new Defendants: Correctional Officer Willoughby ("Willoughby"); Correctional Officer Cy Zegarelli ("Zegarelli"); Correctional Officer William Lewis ("Lewis"); Correctional Officer D. Dischiavo ("Dischiavo"); Correctional Officer Fitch ("Fitch"); Correctional Officer Brandon Huntley ("Huntley"); and Correctional Officer Sweeney ("Sweeney"). See Am. Compl. at 1–2. Plaintiff also asserts a new Eighth Amendment claim against defendant Sergeant Mayyo ("Mayyo"). See id. The facts asserted in the Amended Complaint are substantially similar to those pled in the original complaint.

## III.    LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) was discussed at length in the April Order and it will not be restated in this Memorandum-Decision and Order. See Apr. Order at 2–4.

## IV.    DISCUSSION

### A. Eighth Amendment Deliberate Medical Indifference Claims

As a result of the review of the original Complaint, the Court held that Plaintiff's Eighth Amendment excessive force/sexual abuse and failure-to-intervene claims against Luther, Pope, Ross, Crego, Bower, C.O. Jane Doe #1, C.O. John Doe #1, C.O. John Doe #2, C.O. John Doe #3,

2

and C.O. Jane Doe #2 required a response. See Apr. Order at 9. With the Amended Complaint, Plaintiff substitutes the following Defendants for the Doe defendants: Willoughby for Jane Doe #1; Zegarelli for John Doe #1; Lewis for John Doe #2; Fitch for John Doe #3; and Sweeney for Jane Doe #2. Plaintiff claims that Huntley escorted him to Building #114 with Zegarelli. See Am. Compl. at 6.

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, see, e.g., Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that Plaintiff's Eighth Amendment claims against Luther, Pope, Ross, Crego, Bower, Willoughby, Zegarelli, Lewis, Sweeney, and Huntley survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

A different conclusion is warranted, however, with respect to Plaintiff's Eighth Amendment claims against Mayyo and Dischiavo. In the Amended Complaint, Plaintiff alleges that Bower and Huntley told Mayyo that Plaintiff's razor was not recovered and, as a result, Mayyo placed Plaintiff on a contraband watch. Am. Compl. at 6. Plaintiff claims Mayyo and Dischiavo failed to protect him and were deliberately indifferent to "professionalism." Id.

As discussed in the April Order, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." Apr. Order at 11 (citation omitted). Here, the Amended Complaint lacks factual allegations sufficient to plausibly suggest that Mayyo or Dischiavo were personally involved in the alleged assaults, witnessed the alleged assaults or were in the vicinity of the alleged assaults. Moreover, the pleading lacks information related to how or when Defendants became aware that the assaults occurred. The Amended Complaint also lacks facts connecting Defendants to any alleged

constitutional violation. Therefore, Plaintiff has failed to plead that Mayyo and Dischiavo were deliberately indifferent for failing to protect Plaintiff from the risk of harm in violation of his Eighth Amendment rights. See Cipriani v. Buffardi, No. 06-CV-0889, 2007 WL 607341, *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); see also Casino v. Rohl, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint since the plaintiff had not adequately pled the defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint).

## VI.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Amended Complaint (Dkt. No. 16) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED**, that the Clerk shall revise the docket to add the following individuals as Defendants: Correctional Officer Willoughby, Correctional Officer Cy Zegarelli, Correctional Officer William Lewis, Correctional Officer D. Dischiavo, Correctional Officer Fitch, Correctional Officer Brandon Huntley, and Correctional Officer Sweeney; and it is further

**ORDERED**, that Plaintiff's Eighth Amendment claims against Deputy Luther, Correctional Officer Pope, Correctional Officer Ross, Correctional Officer Crego, Correctional Officer Bower, Correctional Officer Willoughby, Correctional Officer Cy Zegarelli, Correctional Officer William Lewis, Correctional Officer Fitch, Correctional Officer Brandon Huntley, and Correctional Officer Sweeney survive sua sponte review and require a response; and it is further

**ORDERED**, that the remaining claims in the Amended Complaint are **DISMISSED** without leave to replead; and it is further

**ORDERED**, that the Clerk of the Court shall terminate the following Defendants from the docket report: Dischiavo, Jane Doe #1, John Doe #1, John Doe #2, John Doe #3, and Jane Doe #2; and it is further

**ORDERED**, that the Clerk shall issue summonses and forward them, along with copies of the Amended Complaint, to the United States Marshal for service upon the remaining Defendants.  The Clerk shall forward a copy of the summons and amended complaint to the Office of the Attorney General, together with a copy of this Memorandum-Decision and Order, by electronic mail only; and it is further

**ORDERED**, that a response to the Amended Complaint be filed by the remaining Defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

DATED: September 12, 2023
Albany, New York

LAWRENCE E. KAHN
United States District Judge