UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JAMARR RAINEY
        Plaintiff,
 -against-           9:23 CV-27 (LEK/TWD)

DEPUTY LUTHER, et al.,
        Defendant.

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

This matter comes before the Court following a Report-Recommendation filed on July 31, 2025, by the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Dkt. No. 78 ("Report and Recommendation"). For the reasons given below, this Court approves and adopts the Report and Recommendation in its entirety.

### II. BACKGROUND

Plaintiff Jamarr Rainey files suit under 42 U.S.C. § 1383 for events that he alleges occurred while incarcerated at Mid-State Correctional Facility. *See* Dkt. No. 1 at 1. Plaintiff alleges misconduct by prison staff including sexual comments and touching, *see id.* at 39, being punched, *id.* at 62, and medical staff's failure to report associated injuries, *see id.* at 72–73. This Court narrowed these claims and terminated several defendants from the case. *See* Dkt. No. 9 at 14. Plaintiff filed an Amended Complaint clarifying the identity of certain defendants. Dkt. No. 16; Dkt. No. 19. Defendants have filed a motion for summary judgement, Dkt. No. 74, which the Report and Recommendation calls for granting in part. R. & R. at 2.

### III. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v. People of State of New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Federal Bureau of Prisons*, 368 F.Supp.3d 741, 744 (S.D.N.Y. 2019).

**IV. DISCUSSION**

No objections have been raised in the allotted time with respect to the Report-Recommendation. *See* Dkt. After carefully examining the record, the Court has determined that the Report-Recommendation evinces no clear error or manifest injustice.

**V. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation, Dkt. No. 78, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Eighth Amendment excessive force/sexual assault and failure to intervene claims against defendants Willoughby, Crego, Lewis, and Zegarelli be **DISMISSED with prejudice**; and it is further

**ORDERED** that Defendant's motion for partial summary judgment, Dkt. No. 74, otherwise be **DENIED**; and it is further

**ORDERED** that the Clerk be directed to **TERMINATE** defendants Willoughby, Crego, Lewis, and Zegarelli as parties to this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   September 30, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge